IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHILO HERNANDEZ,

      **Plaintiff,**

      v.                                                              CASE NO. 19-3095-SAC

CORIZON, INC., et al.,

      **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). On September 6, 2019, the Court entered a Memorandum and Order (Doc. 8) directing Plaintiff to show cause why several counts of his Complaint should not be dismissed, and directing the officials responsible for the operation of HCF to prepare a *Martinez* Report. On September 30, 2019, Plaintiff filed an Amended Complaint (Doc. 10).

This matter is before the Court on the Plaintiff's Motion for Appointment of Counsel (Doc. 20). Plaintiff argues that his case will require medical expert witnesses, he is incarcerated in administrative segregation and unable to investigate the facts, his case will require considerable discovery and involve conflicting testimony, he is indigent and unable to retain counsel, he has no legal training, he has requested a jury trial, and his case has merit.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*,

926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion after Defendants have answered or otherwise responded to Plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 20) is **denied without prejudice.**

**IT IS SO ORDERED.**

**Dated November 19, 2019, in Topeka, Kansas.**

                                                                              <u>s/ Sam A. Crow</u>
                                                                              **SAM A. CROW**
                                                                              **U. S. Senior District Judge**